## CIRCUIT COURT OF STAFFORD COUNTY

In re Petition
for Adoption of
Michelle Rae Renaud

September 26, 1990

Case No. (Chancery) 401-90

By JUDGE JAMES W. HALEY, JR.

In this proceeding, petitioner, spouse of the child's natural father, seeks to adopt the child, maintaining the natural mother withholds her consent to the same contrary to the best interests of the child.

Section 63.1-231(b) of the Code states in part:

> When a natural parent of a legitimate infant . . . is divorced and remarries again and the natural parent . . . desires the new spouse to adopt the infant . . . the court may proceed to order the proposed adoption . . . without referring the matter to . . . the local superintendent of public welfare if the other natural parent . . . consents in writing . . . to the adoption.

The court recognizes that in the referenced case, counsel for the natural mother, who objects to the proposed adoption, has concurred in petitioner's request for a waiver of a reference to the Superintendent of Public Welfare. The court is of the opinion, however, that the quoted statute does not permit such a waiver, and thus, the reference to the Superintendent is mandatory.

Moreover, the court is "aware of the magnitude of the issue before it and the ramifications of its decisions . . . ." *Linkous v. Kingery,* 10 Va. App. 45, 50, 390 S.E.2d

188, 190 (1990). The court further recognizes that "once an order of adoption becomes final, the natural parent is divested of all legal rights . . . with respect to the child . . . ." *Doe v. Doe*, 222 Va. 737, 746, 284 S.E.2d 799, 805 (1981). Accordingly, even assuming that the reference is not mandatory, this is a proper case where the court, in the exercise of its discretion, "feels there should be some investigation before a final order of adoption is entered . . . ." § 63.1-231(b).

In light of the foregoing, counsel for petitioner is directed to prepare a decree of reference in accordance with this opinion.